

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | "ECF Case" CIVIL ACTION NO. |
| v. | ) ) | |
| AT&T INC., AT&T CORP., AT&T SERVICES, INC. and PACIFIC BELL TELEPHONE COMPANY, d/b/a/ AT&T California | ) ) ) ) | COMPLAINT |
| Defendants. | ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful

employment practices on the basis of age and to provide appropriate relief to John Yates and a

nationwide class of similarly situated former employees of Defendants AT&T Inc., AT&T Corp.,

AT&T Services, Inc. and Pacific Bell Telephone Company, d/b/a/ AT&T California ("AT&T").

As set forth with greater particularity below, John Yates and other employees who retired from

AT&T under various retirement and severance programs, including but not limited to the

Voluntary Retirement Incentive Program (VRIP) and the Enhanced Pension and Retirement

Program (EPR), were discriminated against in that they were adversely affected on the basis of

their age, 40 or over, as a result of AT&T's application of policies prohibiting re-employment of

employees who retired under such plans.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the Age

Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"),

which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938

(the "FLSA"), as amended, 29 U.S.C. § 216(c) and 217.

2.    The employment practices alleged to be unlawful were and are now being

committed throughout the United States of America, including within the jurisdiction of the

United States District Court for the Southern District of New York.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission (the "Commission"),

is the agency of the United States of America charged with the administration, interpretation and

enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the

ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92

Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.    At all relevant times, Defendants AT&T Inc., AT&T Corp., AT&T Services, Inc.

and Pacific Bell Telephone Company, d/b/a/ AT&T California ("AT&T") have continuously

been doing business in the State of New York and New York County, and have continuously had

at least 20 employees.

5.    At all relevant times, AT&T has continuously been an employer engaged in an

industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29

U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6.    Prior to institution of this lawsuit, the Commission's representatives attempted to

eliminate the unlawful employment practices alleged below and to effect voluntary compliance

2

with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.     Since at least October 2006, AT&T has engaged in unlawful employment practices at all of its facilities in the United States of America, including its facilities in New York City, in New York County in the State of New York, in violation of the ADEA, 29 U.S.C. ¶ 623, as set forth below:

### Adverse Impact of AT&T's Rehire Policy

a.     In or about October 2006 AT&T implemented a new policy where it did not rehire employees who had retired from AT&T under various retirement and severance programs, including but not limited to VRIP or ERP, and has implemented amended versions of this policy that continue to provide that AT&T will not rehire employees who had retired from AT&T under various retirement and severance programs, including but not limited to VRIP or ERP;

b.     AT&T's no-rehire policies have had and continue to have an adverse impact on employees and applicants for employment who are age 40 or over;

c.     There is no legitimate business reason or purpose for AT&T's no-rehire policies;

d.     AT&T's no-rehire policies have resulted in and continue to result in AT&T's refusal to rehire employees who retired from AT&T under various retirement and severance programs, including but not limited to VRIP or ERP, and to deter such employees from applying for rehire by AT&T;

3

e.     A disproportionate number of these employees were and are age 40 and

over;

## Disparate treatment of Yates and Other Similarly Situated Applicants

f.     AT&T refused to rehire John Yates, then age 57, for employment, because

of his age;

g.     AT&T has refused and continues to refuse to rehire other employees who

retired from AT&T under various retirement and severance programs, including but not limited

to VRIP or ERP, who were age 40 or older, because of their age.

8.     The effect of the practices complained of in paragraph 7 above has been to

deprive John Yates and a class of other employees who retired from AT&T under various

retirement and severance programs, including but not limited to VRIP or ERP, of equal

employment opportunities and otherwise adversely affect their status as employees or applicants

for employment because of their age.

9.     The unlawful employment practices complained of in paragraph 7 above were and

are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. ¶ 626(b).

## PRAYER FOR RELIEF

Therefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining AT&T, its officers, successors, assigns

and all persons in active concert or participation with it, from discriminating against employees

and applicants age 40 and over on the basis of age and any other employment practice which

discriminates on the basis of age against individuals 40 years of age and older.

4

B.      Order AT&T to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C.      Grant a judgment requiring AT&T to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages and prejudgment interest to individuals whose wages are being unlawfully withheld as a result of the acts complained of above in paragraph 7, including, but not limited to John Yates and a class of other employees age 40 and over who retired from AT&T under various retirement and severance programs, including but not limited to VRIP or ERP and who have been subjected to AT&T's no-rehire policies.

D.      Order AT&T to make whole those individuals whose wages are being unlawfully withheld as a result of the acts complained of above, by restraining the continued withholding of amounts owing as back wages with prejudgment interest, in amounts to be determined at trial.

E.      Order AT&T to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including the rightful place hiring of John Yates and a class of other employees age 40 and over who retired from AT&T under various retirement and severance programs, including but not limited to VRIP or ERP and who have been subjected to AT&T's no-rehire policies.

F.      Grant such further relief as the Court deems necessary and proper in the public interest.

G.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.
Washington, D.C.  2050

Elizabeth Grossman
Regional Attorney
elizabeth.grossman@eeoc.gov

Judy Keenan
Supervisory Trial Attorney
judy.keenan@eeoc.gov

_____
Louis Graziano
Trial Attorney
Equal Employment Opportunity Commission
New York District Office
33 Whitehall St. 5th Fl.
New York NY 10004
212-336-3698
212-336-3623 (Fax)
louis.graziano@eeoc.gov

6