THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br>  ) <br> AT&T INC., AT&T CORP., AT&T SERVICES, ) <br> INC. and PACIFIC BELL TELEPHONE ) <br> COMPANY, d/b/a/ AT&T California ) <br>  ) <br> Defendants. ) <br>  ) | "ECF Case" <br> CIVIL ACTION NO. <br> CIVIL ACTION NO. 09-CIV-7323- <br> (LAK) |

**EEOC'S MEMORANDUM IN RESPONSE TO DEFENDANTS' MEMORANDUM
OF LAW IN SUPPORT OF MOTION TO DISMISS**

**I.     INTRODUCTION**

The Equal Employment Opportunity Commission ("EEOC") brought this lawsuit under the Age Discrimination in Employment Act, 29 U.S.C. 621 et seq. ("ADEA") on behalf of John Yates and other former AT&T employees who have been and continue to be denied rehire due to their participation in certain retirement or severance programs such as Volunteer Retirement Incentive Program ("VRIP") or Enhanced Pension and Retirement Program ("EPR").  EEOC brings this action under both adverse impact and disparate treatment theories.  Contrary to Defendants' arguments, EEOC has properly pleaded claims under both these theories.

**II.     FACTUAL BACKGROUND**

Yates worked for AT&T until 1998 when he participated in VRIP which was offered to certain management level employees.  *See Yates' Charge of Discrimination attached to the Affidavit of Michael S. Burkhardt at Exhibit 1 ("Charge")*.   At the time he and other employees

elected to participate in VRIP there was no prohibition on rehire. In 2007 Yates, age 57, applied through a staffing company for a temporary position as a field engineer. *Id*. After he successfully completed initial screening and testing for the position, he was informed by the staffing company that his application had been "blocked" by AT&T. *Id.* Yates contacted AT&T which informed him that in 2006 it had implemented a policy prohibiting rehire of any individual who left AT&T under VRIP.[1]

Yates filed a charge of age discrimination with the EEOC on September 26, 2007, less than 90 days after AT&T's refusal to rehire him. As the EEOC Complaint asserts, AT&T maintains a no rehire policy with regard to a number of its retirement or severance programs. These no rehire policies discriminate against a class of former AT&T employees 40 years of age or older.[2]

### III.   STANDARD

"To defeat a motion to dismiss, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the plausibility standard does "not require heightened fact pleading of specifics," it does require "factual allegations sufficient 'to raise a right to relief above the speculative level." *Boykin v. KeyCorp,* 521 F.3d 202, 213 (2d Cir. N.Y. 2008) (quoting *Twombly, at 555*); *Carmona,v. Spanish Broadcasting System, Inc.* 2009 WL 890054 (S.D.N.Y. March 30, 2009).

---

[1] As the attachments to the Charge indicate, over the years AT&T had merged with other companies, this increased the impact of the no rehire policy since employment prospects with unaffiliated telephone companies are extremely limited. *See Charge.*

[2] AT&T refers to a "proposed" class and an "alleged" class, but does not, and cannot, contest EEOC's authority to bring class claims in the public interest. *General Telephone v. Equal Employment Opportunity Commission*, 446 U.S. 318, 100 S.Ct. 1698 (1980); *EEOC v. Johnson & Higgins,* 91 F.3d 1529 (2d Cir. 1996)

### IV. AT&T'S NO REHIRE POLICY IS AN EMPLOYMENT POLICY PROHIBITED BY SECTION 4(a)(2)

EEOC's Complaint at Section 7(a)-(e) alleges that AT&T implemented and maintains various retirement and severance programs which prohibit participating employees from ever obtaining future employment with AT&T; this no rehire policy is an employment practice which subjects these former employees to adverse impact because of their age. Those former employees are prohibited from obtaining employment with AT&T and, if aware of the no rehire policy, will likely not apply.

Section 4(a)(2) of the ADEA makes it unlawful for an employer "to limit, segregate or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age." 29 U.S.C. §623 4(a)(2). The Supreme Court held in *Smith v. City of Jackson*, 544 U.S. 228, 240, 125 S. Ct.1536, 1544 (2005) that this provision outlaws neutral practices with a disparate impact based on age.

Defendants characterize the victims in this case as "applicants" and argues that Section 4(a)(2) only applies to current employees – not applicants. In fact, these individuals are protected by the ADEA in this instance because of their status as **former** employees of AT&T.[3]

---

[3] EEOC does not concede an applicant may not assert an impact claim. Defendant argues that because § 4(a)(2), unlike § 703(a)(2) of Title VII, does not include the word "applicants," Congress made a deliberate decision to exclude hiring discrimination from the scope of § 4(a)(2). However, at the time of the Supreme Court's decision in *Griggs v. Duke Power Co.,* 401 U.S. 424, 93 S.Ct. 1408 (1971), holding that Title VII prohibits*, inter alia,* disparate impact in hiring, § 703(a)(2) did not include the word "applicants" either. It was not until 1972 that Congress amended the provision to add "applicants for employment." *See* Equal Employment Opportunity Act of 1972, Pub. L. No. 92-261, § 8(a), 86 Stat. 103 (1972). The amendment was intended merely to express Congress's agreement with court decisions already applying 42 U.S.C. § 2000e-2(a)(2) to applicants. *See* Conf. Rep. on H.R. 1746, *reprinted in* 118 Cong. Rec. 7166, 7169 § 8(a)-(b) (1972) (amendment was "merely declaratory of present laws as contained in [court] decisions"). When Congress drafted the ADEA in 1967, it imported the version of § 703(a)(2) then in effect. Since the lack of an explicit statutory reference to "applicants" did not prevent the *Griggs* Court from holding that hiring policies with a disparate impact were unlawful under Title VII, there is no reason to assume that Congress intended a different result under the ADEA.

3

The term "employee" is defined by the ADEA as "an individual employed by any employer." 29 U.S.C. §630(f).  Any argument that §4(a)(2) applies only to discrimination against current employees cannot be reconciled with the Supreme Court's decision in *Robinson v. Shell Oil.*, 519 U.S. 337, 346, 117 S.Ct 843, 848 (1997).   In *Robinson*, the plaintiff alleged that his former employer violated Title VII when it gave him a negative job reference in retaliation for filing an EEOC charge after his termination. *Robinson*, at 339, 845.  *Robinson,* which held that the term "employee" in Title VII's retaliation provision includes former employees, is dispositive because, as in Title VII, the definition of "employee" in the ADEA likewise "lacks any temporal qualifier and is consistent with either current or past employment." *Id.* at 341-42, 846-47.  In *Robinson* the Court noted that the alleged retaliation grew directly out of the plaintiff's employment with the defendant, and construing Title VII to put this conduct beyond the reach of the courts would undermine the purpose of the statute. *Id*. at 346, 849.  The Second Circuit has applied *Robinson* to allegations of discrimination under the ADEA, allowing a former employee to sue for retaliatory acts occurring after his termination.  *See Boland v. Town of Newington,* 304 Fed. Appx. 7, 9 (2d Cir. 2008).

The Second Circuit has long held that the ADEA prohibits "discrimination related to or arising out of an employment relationship, whether or not the person discriminated against is an employee at the time of the discriminatory conduct." *Pantchenko v. C.B. Dolge Co.*, 581 F.2d 1052, 1055 (2d Cir. 1978); s*ee also Abreu v. Suffolk County Police Dep't*, 2007 WL 608331, at *35-36 (E.D.N.Y. Feb. 23, 2007); *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 178-79 (2d Cir. 2005); *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. N.Y. 1997).

The policy justifications for the broader reading of "employees" in *Robinson* and these Second Circuit cases justify the same reading of the term in §4(a)(2).  If the term "employee"

were interpreted to mean only "current employee," it would create a statutory void for former employees who were denied an employment opportunity not directly because of their age, but because of a characteristic related to their age – here, status as an employee who participated in VRIP or a similar program.

Furthermore, as in Title VII, the term "employees" appears elsewhere in the ADEA where the term clearly means something broader than current employees, embracing both former and prospective employees. For example, 29 U.S.C. § 633a(b) authorizes enforcement efforts through appropriate remedies, such as "reinstatement or hiring of employees with or without backpay." Current employees would not be reinstated or hired. In 29 U.S.C. § 630(c), the definition of "employment agency" is "any person regularly undertaking with or without compensation to procure employees for an employer." Clearly the statute envisioned coverage broader than current employees and like Title VII encompasses former employees. Therefore former employees must be covered by §4(a)(2).

## V.   EEOC PROPERLY PLEADED ITS DISPARATE IMPACT CLAIM UNDER SECTION 623 (a)(2)

Section 623(a)(2) prohibits an employer from limiting, segregating or classifying its employees in any way which "would deprive or tend to deprive any individual of employment opportunities." Only former employees who participated in employment programs like VRIP and ERP are excluded from rehire. A person who has never been employed by AT&T would not be subjected to the challenged policy. Therefore the prohibition on rehire arises solely out of their employment with AT&T. EEOC alleges the no rehire policy deprives a specific group of AT&T employees of employment opportunities with AT&T because of their age; this is specifically prohibited by §623 (a)(2).

Defendants' attempts to distinguish their practice from that addressed in *EEOC v. Allstate*, 458 F. Supp. 2d 980 (E.D.Mo. 2006), are misleading. The practice at issue in that case was also a no rehire policy which EEOC alleged violated the ADEA. Allstate prohibited certain former employees from rehire for one year – not a permanent prohibition as in this case. 458 F. Supp. 2d at 983-84.  The court concluded that based upon *Smith v City of Jackson*, 544 U.S. 228, 125 S.Ct 1536 (2005), the no rehire policy was an employment policy within the meaning of §623 (a)(2) and that the policy deprived a group of Allstate employees from employment opportunities.  *Allstate*, 458 F. Supp. 2d at 991.

In *Allstate* the Reorganization took effect in June of 2006; the no rehire policy was implemented several months later, in September of 2006.  In the instant case, Yates last worked for AT&T in 1998 and the no rehire policy was implemented in 2006. Defendants argue that the decision in *Allstate* that the employment policy impacted "employees" was because the policy was implemented relatively close in time to the terminations*. Defendants' Memorandum of Law in Support of Motion to Dismiss ("D. Brf.") at 10.*  While its is true the *Allstate* court decided to address the employment policy as part of Allstate's Reorganization Plan, it was not the timing of the implementation of the employment policy that was of primary importance.  The significant factor was that the no rehire policy affected the same group of individuals that were laid off, therefore the no rehire policy impacted Allstate employees. The court stated that although the Reorganization Plan was not being challenged, "the rehire policy is inextricably linked to that [reorganization] plan, **affecting the same group of employees**." *Allstate,* 990 (emphasis added). The fact that they were no longer current employees of Allstate did not dissuade the court from deciding §623 (a)(2) was applicable.  The "inextricable link" was their status as Allstate

6

employees– not the amount of time between active employment and policy implementation.[4] Therefore, the fact that Yates had not been employed by AT&T since 1998 is not relevant, the issue is that he and other former AT&T employees were adversely impacted by this employment policy. Likewise, Defendants' argument that the only people affected by AT&T's policy voluntarily elected to leave is not valid; they are former employees subjected to a no rehire policy which deprives them of employment opportunities. Additionally at the time that Mr Yates and others retired under VRIP they could be rehired. None of the employees who participated in the VRIP program were notified of AT&T's unilateral 2006 policy change regarding rehire. Mr. Yates discovered the policy change only in 2007 when he was notified that he had been rejected. Employees who participated in VRIP were not given any consideration for the charge in rehire policy. The EEOC asserted in its Complaint that the no rehire policy had an adverse impact on former employees over 40, therefore facts pleaded in this case are adequate to assert a claim of disparate impact under the ADEA. *See Meacham v. Knolls Atomic Power Laboratory*, _U.S. _, 128 S.Ct. 2395 U.S. (2008).

## VI. THE EEOC HAS PROPERLY ASSERTED A DISPARATE TREATMENT CLAIM

EEOC has properly pleaded a disparate treatment claim at Section 7(f)-(g) of its Complaint. Under Federal Rule of Procedure 12 (b)(6), a complaint must contain "a short and plain statement showing entitlement to relief, and the statement must give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 , 122 S.Ct.992, 997 (2002); *see also Twombly*, at 555, 1964 (2007); *Taylor v. Salazar,* 325 Fed. Appx. 43, 44 (2d Cir. N.Y. 2009)**.** "Factual allegations must

---

[4] The Eighth Circuit in *EEOC v. Allstate*, 528 F.3d 1042 (8th Cir. 2008), *permission to take interlocutory appeal vacated*, 2008 US App. LEXIS 27480 (2008) agreed with the District Court that the no hire policy constituted an employment policy covered by §623 (a)(2); while the decision is not precedential; the fact that the court reached this conclusion is persuasive.

be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, at 556, 1965. A complaint does not need detailed factual allegations, just enough facts to state a plausible basis for the claim. *Ashcroft v. Iqbal*, ___U.S.___,129 S.Ct. 1937, 1949-50 (2009). "The prima facie case … is an evidentiary standard, not a pleading requirement." *Swierkiewicz*, at 511, 996; *see also Patane v. Clark*, 508 F.3d 103, 111 (2d Cir. 2007). EEOC's pleading in this case is adequate to place the defendants on notice of the ADEA violations at issue and the basis for those claims - under both disparate treatment and disparate impact theories.

Defendants' reliance on *Maresco v. Evans Chemetics*, 964 F.2d 106, 115 (2d Cir. 1992) in support of its proposition that EEOC's Complaint failed to properly plead a disparate treatment claim is misguided. *D. Brf*. at 11-12. The court in *Maresco* did not dismiss plaintiff's disparate treatment claim nor did it assert that the same or similar facts could not support both a disparate treatment and disparate impact claim. To the contrary, the court stated: "Both the disparate treatment and disparate impact theories can be invoked in a given case to establish ADEA liability, since they are simply alternative doctrinal premises for a statutory violation." *Maresco,* at 115. The court dismissed the disparate impact claim because it did not believe that impact theory "provides any significant analytical contribution in this case." *Id.*

Defendants cite several cases dismissed under 12 (b)(6), *D. Brf*. at 14-15; none of which are applicable here. In G*illman v. Inner City Broad. Corp.,* 2009 WL 3003244(S.D.N.Y. Sept. 18, 2009) the plaintiff failed to plead anything about age in his disparate treatment claim and failed to identify a specific practice with regard to the disparate impact claim. Gillman, at *5. In the present case, the EEOC Complaint plainly states that AT&T maintains a no rehire policy for former employees who participated in voluntary retirement or severance programs which discriminate against those employees age 40 or older, because of their age.

8

The court in *Allen v. Sears Roebuck & Co.*, No. 07-11706, 2008 WL 544951 (E.D Mich. Feb. 25, 2008) granted defendant's motion to dismiss a disparate treatment claim because plaintiff had only asserted disparate impact in its complaint. *Allen*, at *2-*3. Here the EEOC separately pleaded disparate impact and disparate treatment claims with sufficient facts to support each theory.

The plaintiffs in *Perry v. N.Y. Dep't of Labor* 2009 WL 2575713 (S.D.N.Y. Aug. 20, 2009); *Adams v. Lafayette Coll.*, 2009 WL 2777312(E.D. Pa. Aug. 31, 2009); and *Liburd v. Bronx Lebanon Hosp. Ctr.*, 2008 WL 3861352 (S.D.N.Y. Aug. 19, 2008) asserted discrimination in a conclusory fashion and did not assert facts to support those conclusions. *Perry,* at *4; *Adams*, at *3-*4; *Liburd*, at *6. The EEOC Complaint contains facts supporting the disparate impact and treatment claims therefore it is sufficient.

The Second Circuit has held that a discrimination plaintiff does not need to allege discriminatory animus for a disparate treatment claim to be sufficiently pleaded. *Boykin v. KeyCorp,* 521 F.3d 202, 215 (2d Cir. N.Y. 2008). A plaintiff must only identify particular events giving rise to the claim and allege less favorable treatment because of a protected category. *Id.; see also LaGrassa v. Autoone Insurance Co.*, 2008 WL 3887606 (E.D.N.Y. August 20, 2008). The EEOC Complaint asserts that Yates and other former employees of AT&T who participated in certain retirement and severance programs were refused rehire because of their age, therefore EEOC has sufficiently pleaded a disparate treatment claim of age discrimination.

AT&T claims that its no rehire policy is justified based upon "streamlining the organization and reducing operating expenses." *See Charge.* This reasoning cannot apply to individuals who are applying for temporary contract work. Hiring someone other than Yates or another former employee would not result in any savings to or streamlining of AT&T. Therefore, these reasons may be a pretext for limiting the rehire policy to a class of individuals that are overwhelming age

9

40 or older. Further whether these reasons are pretext for discrimination is a determination for a finder of fact and should be made on a complete record, not at the complaint stage. *See Byrnie v. Town of Cromwell Bd. of Ed.,* 243 F.3d 93, 102 (2d Cir 2001). Therefore the disparate treatment claim should not be dismissed.

### V. CONCLUSION

The EEOC may pursue a claim on behalf of former employees under Section 4(a)(2) of the ADEA. The EEOC Complaint asserts sufficient facts to support its claim of age discrimination under the ADEA. Therefore Defendants' motion to dismiss should be denied.

Date:  December 3, 2009                                Respectfully submitted,
       New York, New York

                                                       EQUAL EMPLOYMENT OPPORTUNITY
                                                       COMMISSION

                                                       Elizabeth Grossman
                                                       Regional Attorney
                                                       elizabeth.grossman@eeoc.gov

                                                       Nora E. Curtin
                                                       Supervisory Trial Attorney
                                                       nora.curtin@eeoc.gov


                                                       S/ Louis Graziano_____
                                                       Louis Graziano
                                                       Trial Attorney
                                                       louis.graziano@eeoc.gov

                                                       New York District Office
                                                       33 Whitehall St. 5th Fl.
                                                       New York NY 10004
                                                       212-336-3698
                                                       212-336-3623 (Fax)