THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>AT&T INC., AT&T CORP., AT&T SERVICES, INC. and PACIFIC BELL TELEPHONE COMPANY, d/b/a/ AT&T California<br><br>　　　　　　　Defendants. | CIVIL ACTION NO. 09-CIV-7323-(JPO) |

## CONSENT DECREE

**PART I    GENERAL PROVISIONS**

**A.    Introduction**

Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or the "Commission" and Defendants AT&T Inc., AT&T Corp., AT&T Services, Inc. and Pacific Bell Telephone Company, d/b/a/ AT&T California. ("AT&T" or "Defendants") (collectively the "Parties") have agreed to resolve the above-captioned action (the "Action") by the terms of this Consent Decree ("Decree") as set forth below.

On August 20, 2009, the Commission filed the Complaint commencing this Action, alleging that Defendants engaged in unlawful employment practices on the basis of age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621, *et seq.* ("ADEA"). The Complaint was filed following the investigation of EEOC Charge No. 520-2007-04221, filed by John Yates. In its Complaint, the Commission asserted that Defendants maintain policies and practices that result in its refusal to rehire employees who had retired under

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/25/11

various retirement and severance programs, including but not limited to, the Voluntary Retirement Incentive Program (VRIP), the Enhanced Pension and Retirement Program (EPR), and the AT&T Corp. Change in Control program (CIC) ("relevant retirement programs") in violation of the ADEA, 29 U.S.C. 623.

EEOC and Defendants desire to settle this Action, and therefore do stipulate and consent to the entry of this Decree as final and binding between the Parties, and Defendants' parent organizations, successors, assigns, subsidiaries, affiliates, purchasers, and any corporation or entity into which Defendants may merge or with which Defendants may consolidate.

**B.   Non-Admission of Liability**

By entering into this Decree, Defendants do not admit the allegations in EEOC's Complaint. Defendants assert that they had legitimate and nondiscriminatory business reasons for having a policy that denies re-hire to certain employees who received enhanced severance and pension benefits to depart AT&T and that this policy did not cause a disparate impact in selections of former employees who left under the relevant retirement programs.

**C.   Commitment to Non-Discrimination**

1. Defendants will not maintain any policy prohibiting the rehiring of employees who left AT&T under the relevant retirement programs.

2. Defendants will not retaliate against any individual who has engaged in protected activity under the ADEA, including because that individual has provided information, assistance, or participated in any other manner in the investigation or litigation of this matter or is a beneficiary of this Decree.

**D.   Purpose of this Decree**

1. This Decree finally resolves all issues between the Commission and Defendants

which were raised in the Complaint or in Charge Nos. 520-2007-04221, 520-2010-03141, 520-2010-07146, 520-2009-01331, 520-2009-01415, 520-2009-02241, 520-2009-64338, 520-2009-05720, 541-2009-02954 and 563-2011-01238. This Decree in no way affects the Commission's right to process any other pending and future charges against Defendants in accordance with Commission procedures, and to commence civil actions under the ADEA, or any other statute enforced by the Commission.

E.  **Provisions of this Decree**

1. This Decree constitutes the complete understanding between the Commission and Defendants with respect to the matters referred to herein. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and approved by all parties to this Decree.

2. This Decree will bind the Parties as well as Defendants' successors and assigns, and any other corporation or other entity into which Defendants may merge, consolidate, or which they may acquire. This Decree will also bind Defendants' subsidiaries and affiliates who are, or may become during the term of this Agreement, subject to the provisions of the AT&T Former Employee Policy and AT&T Non-Payroll Worker Policy.

3. Before any merger, sale, consolidation, transfer of ownership of any of the Defendants, Defendants will provide a copy of this Decree, to any potential purchaser of Defendants' business, or purchaser of all or a portion of Defendants' assets, and any other potential purchaser, successor, assign, corporation or entity with which Defendants may merge or consolidate.

4. Defendants agree to take all reasonable steps that may be necessary to fully effectuate the terms of this Decree.

**F.      Consent to Jurisdiction**

The Commission and Defendants agree that this Court has jurisdiction over the subject matter of this Decree and the Parties for the limited purpose of enforcing the terms of this Decree for duration of this Decree, venue is proper, and all administrative prerequisites have been met.

**G.      Breach of Decree**

No party will contest the jurisdiction of the Court to enforce this Decree and its terms or the right of any party to bring an enforcement suit upon breach of any of the terms of this Decree by any other party. Breach of any term of this Decree will be deemed to be a substantial breach of this Decree. Nothing in this Decree will be construed to preclude the EEOC from bringing proceedings to enforce this Decree in the event that Defendants fail to perform any of the promises and representations contained herein. All claims that were or could have been asserted as part of this Action arising from or associated with the transactions, actions or omissions referenced in the relevant charges and Complaint identified in paragraph D1, are forever released and no such claims, causes of actions, or claims for relief, survive the entry of this Consent Decree. The only remaining obligations of AT&T related to this Action are those contained in this Consent Decree.

**H.      Necessary Parties**

Defendants agree that EEOC has named as Defendants all the necessary parties required to provide the full relief ordered by this Decree.

**I.       Scope of Decree**

This Consent Decree covers all of Defendants' facilities within the United States.

**PART II      DEFINITIONS**

A.      A "Potential Class Member" is an employee who participated in the relevant

retirement programs.

B.  A "Claimant" is a Potential Class Member who is named on EEOC's Initial Disclosures Pursuant to Rule 26(a)(1).

C.  "Relevant retirement programs" means the Voluntary Retirement Incentive Program (VRIP), the Enhanced Pension and Retirement Program (EPR), and the Change in Control (CIC).

D.  The "Voluntary Retirement Incentive Program" or "VRIP" was an AT&T Corp. program from 1998-1999.

E.  The "Enhanced Pension and Retirement Program" or "EPR" was a SBC program from 2000-2001.

F.  The "Change in Control" or "CIC" was a pre-merger AT&T Corp. program conducted in connection with AT&T Corporation's merger with SBC from 2005-2007.

G.  "Court" means the United States District Court for the Southern District of New York.

**PART III    POLICY PROVISIONS**

**A.    Internal Posting of "Notice of Resolution"**

Within 14 days of the date of entry of this Decree, Defendants will post the "Notice of Resolution" of <u>EEOC v. AT&T, et al.</u>, attached as Exhibit A, on the OneStop employee website. Within 7 days of posting, Defendants will notify the Commission in writing that this has occurred.

**B.    Re-Publish Non-Discrimination Policy and Procedure**

Defendants will continue to make their Equal Employment Opportunity and Harassment Policy and Procedure available to all present employees on the OneStop employee website. The

5

Equal Employment Opportunity and Harassment Policy and Procedure sets forth Defendants' commitment to equal opportunity in all aspects of employment and provide an appropriate mechanism for reporting complaints, investigating allegations, and punishing individuals who violate the policy. It also instructs employees that they cannot be retaliated against for reporting complaints or cooperating in regard to investigations of those complaints.

**C.     Revised Former Employee Policy and Non-Payroll Worker Policy**

1.      Within 30 days of the date of entry of this Decree, Defendants will implement the revised AT&T Former Employee Policy and AT&T Non-Payroll Worker Policy attached as Exhibits B and C, which permit the re-employment of former employees who left the Company under VRIP, EPR and CIC. The revised policies will not act as a barrier to hiring as employees or engaging as Non-Payroll Workers otherwise qualified individuals. The revised policies will not require a different process for selecting VRIP, EPR or CIC participants as employees or engaging as Non-Payroll Workers than required of other former employees applying for similar positions.

2.      If Defendants wish to make any changes to the AT&T Former Employee or Non-Payroll Worker policies relating to individuals who left Defendants under one of the relevant retirement programs during the term of this Decree, Defendants will provide EEOC with a copy of the proposed changes 30 days prior to implementation, so that EEOC may review such changes for compliance with this Decree. Defendants will not implement any changes to the Former Employee or Non-Payroll Worker policies relating to individuals who left under one of the relevant retirement programs during the term of this Decree until receiving approval from EEOC.

**D.     Notification of Revised Policies and Right to Apply**

1. Within 30 days of the date of entry of this Decree, Defendants will notify all staffing vendors used to engage Non-Payroll Workers and its internal staffing group responsible for selecting new employees and engaging contractors of the revised policies and that former employees who left the Company under VRIP, EPR and CIC are eligible to be engaged as Non-Payroll Workers and employees at AT&T. Within 7 days of this notification, Defendants will notify the Commission in writing that this has occurred.

2. Within 90 days of the date of entry of this Decree, Defendants will remove from the Rehire and eTEMP databases all indications in Potential Class Members' records that they are blocked, "not a fit" or otherwise not eligible to be rehired as employees or engaged as Non-Payroll Workers. Within 7 days of completion, Defendants will notify the Commission that this has occurred.

3. A Claimant who applies for employment with AT&T, or who is presented to AT&T by a staffing vendor for assignment at AT&T in a Staff Supplemental Non-Payroll Worker position, who is qualified for the position and otherwise eligible for rehire (e.g. not ineligible due to prior poor performance, conduct, or other issues), will be given priority status in the selection process or Staff Supplemental Non-Payroll Worker assignment, such that he or she will be offered the position first among similarly-qualified candidates for the same position. However, this paragraph does not require the selection or reengagement of a less qualified candidate when there is a more qualified candidate for the position.

4. Within 90 days of the date of entry of this Decree, for Claimants who are eligible for priority status under this Decree, Defendants will update the feeds between the Rehire and eTEMP databases to flag candidates for priority status. Defendants will also mail a Notice of Priority Status to Claimants eligible for priority status, which Claimants may use with staffing

vendors to prove their priority status.

### E. Monitoring and Reporting Regarding Retired Individuals Denied Rehire

1. Defendants will provide EEOC with an annual letter confirming that they have not altered the AT&T Former Employee Policy or AT&T Non-Payroll Worker Policy instituted as a condition of this Decree as those policies relate to individuals who left Defendants under one of the relevant retirement programs and have not instituted any other policy limiting the ability of individuals who left Defendants under one of the relevant retirement programs to be re-hired by Defendants.

2. Defendants will send the required annual letter by email to decreemonitor.nydo@eeoc.gov each year on the date on which this Decree was entered.

3. If the EEOC obtains information concerning a possible violation of the Consent Decree, it shall contact counsel for AT&T and the parties shall first meet and confer in good faith to resolve the issue without the need for court intervention.

### PART IV.   MISCELLANEOUS PROVISIONS

### A.   Duration of Decree and Court Retention of Jurisdiction

1. This Decree will remain in effect for three (3) years from the date of entry of this Decree and will expire three (3) years from that date of entry.

2. This Action shall be administratively closed during the duration of the Consent Decree solely for the purpose of permitting the Court to retain limited jurisdiction over the parties for purposes of enforcing the Consent Decree only. At the conclusion of the Consent Decree three year period, the matter will be permanently closed and dismissed.

### B.   Non-Payment of Attorneys' Fees and Costs

The Parties agree not to seek any interest, fees or costs from the Court, and agree to be

responsible for the payment of their own attorneys' fees, costs and disbursements incurred in connection with this Action.

SO ORDERED, ADJUDGED, AND DECREED,
DATE: 10/24/11

*(signature)*
HON. J. PAUL OETKEN
United States District Judge

Dated: 10/14/11

**FOR PLAINTIFF EEOC**

*(signature)*
Elizabeth Grossman, Regional Attorney

*(signature)*
Nora E. Curtin, Supervisory Trial Attorney

*(signature)*
Anna M. Pohl, Trial Attorney
Louis Graziano, Senior Trial Attorney

33 Whitehall Street, 5th Floor
New York, New York 10004

Dated: 10/13/11

**FOR DEFENDANTS**

*(signature)*
Michael S. Burkhardt
Blair J. Robinson (*admitted Pro Hac Vice*)
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178-0060

9